# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER DANIEL GAY,**

    **Plaintiff,**

vs.                                              **Case No. 4:11cv315-SPM/WCS**

**CLERK OF COURT,**
**ORANGE COUNTY, FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate from the State of Tennessee has sought to initiate a civil rights action in this Court. Plaintiff did not pay the filing fee for this case, nor did he submit an *in forma pauperis* motion. However, review of this case indicates it should be transferred to the Middle District of Florida, and that Court may then take up the issue of the filing fee.

Plaintiff names the Clerk of Court for Orange County as the Defendant. The claim concerns the Clerk's failure to provide an administrative duty. The Defendant is within the jurisdiction of the Middle District and no events relevant to this case have taken place in the Northern District of Florida.

Because Orange County, Florida is located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Orlando Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2011.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv315-SPM/WCS